E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JENNIFER CHOU (Cal. Bar No. 238142)
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorneys
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6482/6875
    Facsimile: (213) 894-0141
    E-mail:    jennifer.chou@usdoj.gov
               lindsay.bailey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JUAN CARLOS THOLA, et al.,<br><br>          Defendants. | No. CR 24-00471-MWF<br><br>GOVERNMENT'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT INFORMATION; DECLARATION OF LINDSAY M. BAILEY<br><br>PROPOSED ORDER FILED SEPARATELY |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jennifer Y. Chou and Lindsay M. Bailey, hereby applies ex parte for a protective order governing the use and dissemination of personal identifying information, Privacy Act information, and confidential informant information.

///

This application is based upon the attached memorandum of points and authorities, the files and records in this case, the Declaration of Lindsay M. Bailey, and such further evidence and argument as the Court may permit.

Defendant JUAN CARLOS THOLA-DURAN, by and through his counsel of record, David A. Katz, objects to certain provisions of the government's proposed protective order.  Defendant THOLA-DURAN, however, does not object to a protective order generally or the ex parte nature of this application.  Defendant THOLA-DURAN requests until January 3, 2025, to file his objections to this application, and the government requests until January 10, 2025, to file a response to such objections.

Defendants ANA MARIA ARRIAGADA, by and through her counsel of record, Richard Wynn; JOHN CARLO THOLA ("J. THOLA"), by and through his counsel of record, Michael M. Levin; MIGUEL BARAJAS, by and through his counsel of record, Simon M. Aval; and FEDERCGO JORGE TRIEBEL IV, by and through his counsel of record, Seth Friedman, do not object to the current version of the proposed Protective Order attached hereto.  Defendant PATRICIA ENDERTON, by and through her

///
///
///
///
///
///
///
///
///

counsel of record, George G. Mgdesyan, could not be reached regarding her position on the proposed Protective Order.

Dated: December 20, 2024        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
LINDSAY M. BAILEY
JENNIFER CHOU
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

The six defendants in this case are charged over Forty-Six counts with conspiracy, wire fraud, money laundering, and structuring.  The discovery in this case is voluminous and includes sensitive information of third parties, victims, and confidential informants.  The government seeks to produce confidential discovery under a protective order because it contains personal identifying information ("PII Materials"), Privacy Act information, and confidential informant information ("CI Materials") (collectively, "Confidential Information").

The government has conferred with defense counsels regarding the proposed protective order.  Counsel for defendants ARRIAGADA, J. THOLA, BARAJAS, and TRIEBEL do not object to the attached Protective Order.  (Declaration of Lindsay M. Bailey [Bailey Decl.] ¶¶ 2-6.) Counsel for defendant THOLA-DURAN does not object to the protective order as a general matter, but disagrees as to certain provisions. (Bailey Decl. ¶ 2.)  Specifically, counsel for defendant THOLA-DURAN objects, or seeks modification, to the following provisions of the proposed Protective Order:

- Counsel objects to the inclusion of "CI Materials" in "Confidential Information" and any additional protections provided for "CI Materials;"

- Counsel objects to the proposed water mark included on all protected material (Proposed Protective Order ¶ 6(e));

- The "Redaction" provision: Counsel objects to the provision that allows the government the ability to redact any PII

contained in the Confidential Information.  (Proposed
Protective Order ¶ 6(e));

- The "In-Writing" provision: Counsel objects to the
  requirement that any witness or potential witness, before
  being shown any portion of Confidential Information, to agree
  in writing to be bound by the requirements of the proposed
  protective order.  Counsel also requests a similar
  requirement be imposed on the government; (Proposed
  Protective Order ¶ 6(m)); and

- The "Left Unattended in Vehicle" provision: Counsel objects
  to the requirement that "CI Materials shall not be left
  unattended in any vehicle."  (Proposed Protective Order ¶
  6(n)).

The Court should issue the government's proposed protective
order over defendant's objections.  As discussed below, each
contested provision is critical to the protection of sensitive
information and to the safety of certain witnesses, does not impede
defendants' ability to review discovery, and such provisions are
routinely entered by courts in this district.  The government's
position is set forth below.

## II.  A PROTECTIVE ORDER IS NECESSARY IN THIS CASE

Federal Rule of Criminal Procedure 16(d)(1) permits the Court
to, "for good cause, deny, restrict, or defer discovery or
inspection, or grant other appropriate relief."  To determine
whether a protective order is appropriate, courts may consider a
variety of factors, including the "safety of witnesses and others."
Fed. R. Crim. Proc. 16 advisory committee's note to 1966 amendment;

see also United States v. Dent, 2017 WL 1025162 (C.D. Cal. Mar. 15, 2017).

Here, a protective order is necessary because the government intends to produce Confidential Information, including CI Materials regarding at least one confidential informant ("CI") who participated in the government's investigation and who may testify at trial. Because these materials could be used to identify the CI, the government believes that the unauthorized dissemination or distribution of the CI Materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and may expose him/her to potential safety risks.

A protective order is also necessary because the government intends to produce to the defense materials containing victim/third parties' PII. The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.

Finally, an order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

The purpose of the protective order is to allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination and provide the defense with sufficient information to adequately represent defendants.

**III. DEFENDANT'S OBJECTIONS SHOULD BE OVERRULED**

Defendant THOLA-DURAN objects to certain provisions of the proposed protective order and request that the protective order be issued bilaterally, binding both the government and defense counsels. All objections and requests run counter to a myriad of protective orders entered in this district and risk compromising the CI's safety and victim's privacy rights. Each objection or request should be overruled, and the proposed protective order should be entered.

**A.    THE GOVERNMENT IS ENTITLED TO HEIGHTENED PROTECTION FOR CONFIDENTIAL INFORMANTS**

The proposed protective order provides heightened protections for CI Materials, including the prohibition from CI Materials being left unattended in any vehicle. These protections are routinely requested by the government and granted by courts in this district. See, e.g., United States v. Bonilla, et al., No CR 2:24-500-JFW, Dkts. 88, 95 (C.D. Cal. Sept. 2024); United States v. Alvarado, No. CR 20-155-JFW, Dkt. 71 (C.D. Cal. Mar. 14, 2022); United States v. Ramos, No. CR 22-354-RGK, Dkt. 158 (C.D. Cal. Sept. 1, 2022); United States v. Rodriguez-Martinez, No. CR 22-337-SVW, Dkt. 21 (C.D. Cal. Sept. 29, 2022); United States v. Hurtado Olivares, et al., No. CR 22-248-ODW, Dkt. 43 (C.D. Cal. July 21, 2022); United States v. Alvarado, No. CR 20-155-JFW, Dkt. 71 (C.D. Cal. Mar. 14, 2022);

4

*United States v. Torres*, No. CR 21-294-GW, Dkt. 47 (C.D. Cal. Aug. 30, 2021); *United States v. Bridges*, No. CR 20-498-SB, Dkt. 90 (C.D. Cal. May, 21, 2021); *United States v. Petroni*, No. CR 20-329-PSG-1, Dkt. 112 (C.D. Cal. May 12, 2021).

The rationale behind these prohibitions is simple: avoiding an unnecessary risk that CI Materials will be stolen, the CI's identity exposed, and his or her safety threatened. This is not an imagined risk. *See, e.g.*, *Nelson v. City of Madison Heights*, 845 F.3d 695 (6th Cir. 2017) (murder of an informant following the disclosure of her identity); *Monfils v. Taylor*, 165 F.3d 511 (7th Cir. 1998) (murder of an informant following the disclosure of an audio recording of the informant's voice); *Ryder v. Booth*, No. 16-00065 HG-KSC, 2016 WL 2745809 (D. Haw. May 11, 2016) (murder of a CI following inadvertent disclosure of his identity). Heightened protections for CI Materials is imperative to the safety of those assisting the government.

As to these items being left in an unattended vehicle -- whether in the passenger compartment or in the trunk -- are at heightened risk of being stolen, even if they are password protected. Any additional burden on defense counsel to remove such items if his or her vehicle will be unattended for any period of time is far outweighed by the safety risk that the CI's identity will be inadvertently exposed. Ultimately, defendant has provided no justification for excluding CI materials from the protective order, and the Court should therefore overrule these objections.

///

///

///

**B.   THE GOVERNMENT SHOULD BE ABLE TO REDACT PII EVEN IF A DOCUMENT IS ALREADY IDENTIFIED AS CONFIDENTIAL**

The proposed protective order states that, for documents marked as Confidential, "[t]he government may also redact any PII contained in the production of Confidential Information."  Defendant objects to this provision.  Defendant's objection, however, runs counter to a myriad of protective orders entered in this district which routinely contain this provision and have not been found to have any adverse impact or burden on defendants.  See, e.g., United States v. Zia, No. CR 23-351-FMO(2), Dkt. 60 at 3 (containing the exact provision objected to by defendant); United States v. Haselkorn et al., No. CR 23-402-FMO, Dkt. 64 at 4 (same) (C.D. Cal. Dec. 7, 2023); United States v. Valencia et al., No. CR 24-118-JFW, Dkt. 41 at 3-4 (same) (C.D. Cal. Apr. 4, 2024).

Granting the government discretion to redact certain PII with little to no evidentiary value does no harm to defendant and can significantly reduce the danger that could result from any unauthorized or inadvertent dissemination.  The government has an ongoing obligation to protect third parties' PII.  See, e.g., Privacy Act of 1974, 5 U.S.C. § 552a(b) (government cannot disclose any record containing personal information unless the relevant person provides consent or a limited set of exceptions apply). There may be certain PII which is wholly irrelevant to the present action and is otherwise beyond the scope of any discovery obligations save for it being on a document with certain other responsive material.  And should a dispute ever arise about the relevance or importance of any redacted PII, defendant is always able to raise this with the government on a case-by-case basis, meet

and confer, and, if a resolution cannot be reached, move the Court. Given the potentially sensitive nature of any PII, coupled with an ample remedy to cure any disputes, defendant's objection and request for a blanket prohibition of any such redactions should be denied so that the parties can instead approach any disputes on a case-by-case basis to resolve, as is routine in this district.

**C.    THE "IN WRITING" REQUIREMENT IS ESSENTIAL TO ENSURING THE PURPOSE OF THE PROTECTIVE ORDER IS ACHIEVED**

The "in-writing" requirement, which requires witnesses who view Confidential Materials to agree in writing to be bound by the terms of the protective order, is a standard term which creates the critical written record necessary for enforcement of any protective order breaches.  Similarly, the government's propose watermark on all protected materials ensures that those who view such materials are aware of the consequences of improper dissemination.  The core purpose of these principles is to impress upon witnesses the importance of safeguarding protected information and to ensure there is a binding written record of all individuals who have reviewed protected discovery subject to the proposed protective order in the event a violation occurs.  Should the government ever need to enforce the proposed protective order or determine how an unauthorized individual came to possess protected information, it can do so based on that written record.

Absent the protections of the "in-writing" requirement, which is standard in this district for prosecutions of this nature, the proposed protective order will do little to prevent the unauthorized dissemination of the CI's identifying information and victims' PII. Any member of the Defense Team could show protected information to

7

potential witnesses -- who could be associates or co-conspirators -- subject only to an unspecified verbal explanation of the confidentiality requirements.  That explanation may vary across members of the Defense Team and depend on the circumstance or timing of the witness contact, or it may be forgotten entirely.  For this reason, the proposed watermark is also necessary.  The watermark is a factually accurate description of the consequences of improper dissemination, and serves to further remind potential witnesses of the requirements of the protective order in a clear, simple fashion.

Defense counsel informing witnesses and potential witnesses of the terms of the protective order, receiving verbal agreement to abide by its requirements in return, and maintaining a log of such verbal agreements would not work.  This is not adequate to protect the CI's identifying information and victims' PII.  Under such circumstances, not only may witnesses fail to grasp the importance of safeguarding protected information, it also would be virtually impossible to enforce the proposed protective order or prevent further dissemination due to the lack of an adequate written record. Any potential witness could claim that certain provisions were not conveyed in the oral advisement, or that they did not receive the advisement at all, and there is no written record on their behalf to contradict their claims.  It is therefore critical that witnesses personally read and acknowledge the full terms of the proposed protective order.  Because it is imperative that witnesses be shown the entire protective order and read each of its terms, taking a few moments to obtain a witness's signature as opposed to their oral consent is a reasonable and justifiable measure to mitigate the safety risks associated with disclosing CI and PII materials.  The

extra step of collecting a signature hardly creates any undue or
onerous burden on defendants.

Recognizing the importance of this requirement, courts in this
district routinely approve protective orders with the in-writing
requirement over defense objection, and universally require a
watermark on protected materials. See, e.g., United States v.
Hicks, No. CR 20-140-VAP, Dkt. 60 (C.D. Cal. Sept. 14, 2021) (PII
materials); United States v. Perez, No. CR 21-89-AB, Dkt. 52 (C.D.
Cal. June 3, 2021) (PII materials); United States v. Cajas, No. CR
20-340-PA, Dkt. 32 (C.D. Cal. May 25, 2021) (PII materials); see
also United States v. Bridges, No. CR 20-498-SB, Dkt. 90 (C.D. Cal.
May 21, 2021) (CI and PII materials); United States v. Petroni, No.
CR 20-329-PSG, Dkt. 112 (C.D. Cal. May 12, 2021) (CI, PII and
medical materials). As a result, this Court should include the "in
writing" provision of and the proposed watermark for the proposed
protective order.

**D.  THE PROPOSED PROTECTIVE ORDER SHOULD NOT BIND BOTH PARTIES
BECAUSE THE GOVERNMENT HAS AN INHERENT DUTY TO PROTECT THE
INTERESTS OF VICTIMS AND WITNESSES**

Defendant argues that the discovery produced pursuant to the
proposed protective order should equally bind both the defense and
the government. Defendant is wrong. As the Supreme Court has
explained, prosecutors are "public servants" that "represent the
interest of society as a whole." Ferri v. Ackerman, 444 U.S. 193,
202-03 (1979); see also United States v. Hovhannisyan, No. 19-CR-
411-GW, Dkt. 22 at 2 (Feb. 28, 2020) (reasoning noting that "the
respective positions of the parties are not equivalent" in rejecting
reciprocal third-party viewing requirements). As such, the
government has an inherent duty to protect the privacy and other

9

constitutional interests of the victims and witnesses in this case
relating to the discovery produced in this case.  In contrast, the
Supreme Court has explained that while defense counsel serves "in
furtherance of the federal interest in insuring effective
representation of criminal defendants, his [or her] duty is not to
the public at large, except in that general way.  His [or her]
principal responsibility is to serve the undivided interests of his
[or her] client." Ferri, 444 U.S. at 204.

As such, the respective positions of both parties are not the
same.  The government represents the interests of society and has an
inherent duty to protect the interests of the victims and witnesses
in this case, which is the reason why the government is requesting
the proposed protective order in the first place.  Defense counsel's
duties, however, are not to the public, but to the undivided
interests of defendants.  In other words, defense counsels owe no
duty to the witnesses or victims in this case.  Indeed, if defense
counsels believe that an action may harm the interests of the
witnesses or victims -- but help his or her client -- then (within
ethical bounds) defense counsel likely would be compelled to take
it.  Thus, the proposed protective order need not be binding on the
government.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests
that this Court grant the government's ex parte application and
enter the proposed protective order attached hereto.

10

1

## <u>DECLARATION OF LINDSAY M. BAILEY</u>

2        I, Lindsay M. Bailey, declare as follows:

3        1.    I am an Assistant United States Attorney in the United

4   States Attorney's Office for the Central District of California.   I

5   am assigned to represent the government in this case.

6        2.    On or about September 12, 2024, I emailed all defense

7   counsel a draft stipulation of the government's proposed protective

8   order for their review, and whether they would oppose certain

9   provisions of the protective order.   Mr. Katz did not object to the

10  need for a protective order, but objected to the provisions as

11  indicated in the above <u>ex parte</u> application. I incorporated some of

12  his requested changes into the attached version of the protective

13  order, but the remaining objections are still outstanding.   At Mr.

14  Katz's request, I have attached a true and correct copy of his

15  September 16, 2024 letter hereto as Exhibit A; a true and correct

16  copy of my e-mail response to his letter as Exhibit B; and a true

17  and correct copy of his reply to my e-mail as Exhibit C.

18       3.    On October 4, 2024, Mr. Wynn signed a stipulation for the

19  attached version of the protective order on behalf of defendant

20  ARRIAGADA.

21       4.    On October 25, 2024, Mr. Levin indicated his intent to

22  join in Mr. Katz's objections.   However, on December 16, 2024, he

23  withdrew his objections and indicate that he would be fine with

24  whatever protective order was issued on the Court, as long as it was

25  the same protective order that bound all parties.

26       5.    On December 9, 2024, Mr. Aval indicated that he did not

27  object to attached version of the protective order on behalf of

28  defendant BARAJAS.

6.    On December 16, 2024, Mr. Friedman indicated that he did not object to the attached version of the protective order on behalf of defendant TRIEBEL.

7.    I contacted Mr. Mgdesyan, counsel for defendant ENDERTON, via email on September 12, 2024, October 25, 2024, and November 26, 2024, regarding his position on the proposed protective order.  I also called Mr. Mgdesyan on December 16, 2024, and left a voice mail regarding the same.  As of the date of this filing, I have not received a response providing defendant ENDERTON's position on the attached protective order.

8.    While the government and defense counsels have reached an agreement on certain provisions of the proposed protective order, the government and Mr. Katz have reached an impasse on the remaining provisions of the protective order, thus necessitating the government's ex parte application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on December 20, 2024.

_____
LINDSAY M. BAILEY
Declarant

2

# Exhibit A

September 16, 2024 (by email)

AUSA Bailey -

*Re: United States v. Thola-Duran*, CR No. 24-471-MWF

Thank you for sending me a draft of the proposed Stipulation. This letter seeks to
meet and confer with you about modifying the Stipulation as noted below. Similar
changes should be made to the Proposed Order to conform to my proposal below.

As I mentioned to you when we met at the PIA of my client Thola-Duran, I worked
with a protective order with your Office (in *U.S. v. Noah*, CR 22-17(A)-JLS).
Deputy Chief Daniel Ahn and AUSA Daniel Lim drafted the stipulation and
proposed order. Judge Josephine L. Staton approved the Order.  I am sending you
the stipulation in *Noah* and Judge Staton's Order. That case is pending, set for trial
in March. Ultimately, the restrictions even under that Protective Order obstructed
defense preparation, and the government later agreed to a modification.

As can be seen in Judge Staton's order, at 3, "Confidential Information" and "PII
material," read together, cover the playing field. The definition in your draft and
references to "CI materials" are surplus, unnecessary and confusing. It suffices to
define "Confidential Information" and "PII" and severely restrict dissemination of
both, just as we did in *Noah*.

**Line by line comments on your draft Stipulation**

**Page 1 – line 24,** please instead of "David Katz" – put David A. Katz

**Page 2 – line 19,** please add, after "detained pending trial" – "with some or all of
them expecting to seek review of the preliminary orders of detention, and
conditions of release on bail."

**Page 2, line 22,** please add, before "A protective" -- "The government asserts that"

**Page 3, line 4,** please add before "A protective" -- "The government asserts that"

**Page 3 – line 6,** after "that of" – please add "alleged"

**Page 3 – line 11,** please add before "cannot" – "the government asserts that it"

**Page 3 – line 19,** please add, before "the defense" – "the government asserts that"

**Page 3 – line 24,** please add, before "an order" – "The government asserts that"

1

**Page 4 – line 1,** please add, before "an order" – "The government asserts that"

**Page 4 – lines 10-17,** please drop these lines, or promptly provide authority that
such a definition and its inclusion in an order like this comport with the law. Please
indicate why any of lines 10-17 are needed, given the definition of "Confidential
Information" and "PII." Indeed "PII" and "Confidential Information," read
together, achieve all legitimate government purposes. Respectfully, please review
how *much* "PII" entails, at page 4, lines 18-21.

**Page 4 – lines 22-25.** Judge Staton's order defining Confidential Information and
PII is short and clear, so at line 23, please remove "CI Materials, PII Materials, or
Privacy Act Information," and just put "PII." This would conform your draft with
Judge Staton's order. Att. B.

**Page 5, line 11.** Instead of "the parties jointly request," please put "the government
requests and the Thola defense does not oppose at this time." This was the
language in the *Noah* stipulation. Att. A.

**Page 5, line 14.** Instead of "the parties agree that" -- "the government asserts that"

**Page 5, line 19-20.** Please remove from government markings on documents, and
please remove from the stipulation and proposed order, "UNAUTHORIZED" to
"COURT." Such a marking was not placed on the documents in *U.S. v. Noah*. See
Att. A & B. Nor did the government request such language in *Noah*. Att. A. The
language on the government documents, stipulation and order in *Noah* was
"CONFIDENTIAL INFORMATION – CONTENTS SUBJECT TO
PROTECTIVE ORDER." Id. With that admonition, there has been *no* improper
dissemination of Confidential Information or PII in *Noah*. If you insist on language
beyond that in *Noah*, please promptly provide authority for it. I am concerned that
such language, especially used as prominently as your draft does, would deter
some people from agreeing to speak with the defense or from being a defense
witness or consultant, due to the unduly harsh *in terrorem* impression that use of
this language may convey to prospective witnesses and consultants.

**Page 5 line 28,** after "Confidential Information," – please add "but will provide the
PII to defense counsel"

**Page 6 line 21,** instead of "CI materials" – "Confidential information"

**Page 6 line 23,** instead of "CI materials" – "Confidential information"

**Page 6 line 24,** instead of "CI materials" – "Confidential information"

**Page 6 line 25,** instead of "CI materials" – "Confidential information"

**Page 6 line 26,** instead of "CI materials" – "Confidential information"

**Page 7 line 20-21,** instead of "CI materials" – "Confidential information"

**Page 7 line 25 -26,** please remove "and agree in writing to be bound by." It is not
practical for the defense team to require that a witness or potential witness who
may be willing to speak to the defense must *agree in writing* to be bound by the
order and that the defense require each to provide a writing before being a potential
defense witness. Witnesses and potential witnesses tend to be more reticent to
speak to the defense than to the government and the FBI. It is not practical that the
defense can obtain such a writing from each prospective witness.

If the government insists on the above language, please preserve, so each is
available for prompt defense inspection, all records that the government has (or
not), for/from each witness or potential witness, an *agreement signed at the time by
the witness* to be bound by a protective order restricting Confidential Information
and PII like the one proposed for the defense. This would help me address the
Court as to whether the government seeks to impose on the defense a condition it
did not observe itself. If the government insists on the above language, please
preserve and provide me promptly the signed form for/from each witness and each
potential witness who was interviewed by any AUSA or agent in this case and who
was shown any Confidential Information or PII. If the government has not done
that itself for any witness or any potential witness, please advise me of that so the
Court can consider that as part of my argument that it is unfair to seek to impose on
the defense what the government has not consistently (or not at all) done itself.

If left in, this condition would burden effective defense in this case.

**Page 8. Please remove lines 1-4.** Please note that the language just before this
sentence *is* in Judge Staton's order, but the next sentence that you have at lines 1-4,
is *not* in Judge Staton's order. Att. B at 5, line 16. See also Att. A, at 6, line 4. The
defense has no practical way to enforce such a condition. The government did not
ask for this and Judge Staton did not order this in *Noah*.

**Page 8 line 12** after "witnesses," -- please put "experts and/or consultants"

**Page 8 line 14** instead of "CI materials" – please put "Confidential information"

**Page 8 line 15,** please add, after "any" – "unlocked vehicle, and even then only in
the trunk"

3

**Page 9, line 1,** please add, after seal "or defense counsel may file out of seal with the Court a pleading using terms used in the publically filed 98-page indictment, like "Fence 2" or "co-conspirator 1."

**Page 9 line 7** instead of "CI materials" – "Confidential information"

**Page 9 lines 17-18** - please remove from the markings, the stipulation and proposed order, from "UNAUTHORIZED" to "court." Such a marking was *not* placed on the documents in *U.S. v Noah.*

**Page 9 line 23** instead of "CI materials" – "Confidential information"

**Page 9 line 25** instead of "CI materials" – "Confidential information"

**Page 10 line 5** instead of "CI materials" – "Confidential information"

**Page 11 line 17,** AUSA Bailey's name is misspelled.

**Page 11 – line 21,** not "David Katz," but David A. Katz.

Sincerely, David A. Katz

Cc  AUSA Chou

Att. A (Stipulation and Joint Request in *Noah*)

Att. B (Judge Staton's Protective Order).

1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   DANIEL H. AHN (Cal. Bar No. 235023)
4  DANIEL S. LIM (Cal. Bar No. 292406)
   Assistant United States Attorneys
5  Santa Ana Branch Section
        8000 United States Courthouse
6       411 West Fourth Street
        Santa Ana, California 92701
7       Telephone: (714) 338-3539/8
        Facsimile: (714) 338-3708
8       E-mail:    daniel.ahn@usdoj.gov
                   daniel.lim@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                    UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. 8:22-CR-00017-JLS

14            Plaintiff,

15            v.                       STIPULATION AND JOINT REQUEST FOR
                                       A PROTECTIVE ORDER REGARDING
16                                     DISCOVERY CONTAINING PERSONAL
   FRANK NOAH,                         IDENTIFYING INFORMATION

17            Defendant.               PROPOSED ORDER FILED SEPARATELY

18

19

20      Plaintiff, United States of America, by and through its counsel

21 of record, the United States Attorney for the Central District of

22 California and Assistant United States Attorneys Daniel H. Ahn and

23 Daniel S. Lim, and defendant Frank Noah ("defendant"), by and

24 through his counsel of record, David A. Katz (collectively the

25 "parties"), for the reasons set forth below, request that the Court

26 enter a protective order, in the language proposed below by the

27 government (the "Protective Order"), governing the use and

28 dissemination of personal identifying information ("PII") of real

                                                          PAK

                                 A

1    persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1)

2    and (2), material that may contain information within the scope of

3    the Privacy Act.

4        Introduction and Grounds for Protective Order

5        1.    Defendant is charged in this matter with violations of 26

6    U.S.C. § 7201 (Evasion of Payment of Tax); and 18 U.S.C. § 1343

7    (Wire Fraud).    Defendant is released on bond pending trial.

8        2.    A protective order is necessary because the government

9    intends to produce to the defense materials containing third

10   parties' PII.    The government believes that disclosure of this

11   information without limitation risks the privacy and security of the

12   information's legitimate owners.    Because the government has an

13   ongoing obligation to protect third parties' PII, the government

14   cannot produce to defendant an unredacted set of discovery

15   containing this information without the Court entering the

16   Protective Order.    Moreover, PII makes up a significant part of the

17   discovery in this case and such information itself, in many

18   instances, has evidentiary value.    If the government were to attempt

19   to redact all this information in strict compliance with Federal

20   Rule of Criminal Procedure 49.1, the Central District of

21   California's Local Rules regarding redaction, and the Privacy Policy

22   of the United States Judicial Conference, the defense would receive

23   a set of discovery that would be highly confusing and difficult to

24   understand, and it would be challenging for defense counsel to

25   adequately evaluate the case, provide advice to defendant, or

26   prepare for trial.

27       3.    An order is also necessary because the government intends

28   to produce to the defense materials that may contain information

DAK

1  within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act

2  Information").  To the extent that these materials contain Privacy

3  Act Information, an order is necessary to authorize disclosure

4  pursuant to 5 U.S.C. § 552a(b)(11).

5     4.   The purpose of the Protective Order is to (a) allow the

6  government to comply with its discovery obligations while protecting

7  this sensitive information from unauthorized dissemination, and

8  (b) provide the defense with sufficient information to adequately

9  represent defendant.

10  Definitions

11     5.   The parties agree to the following definitions:

12       a.   "PII" includes any information that can be used to

13  identify a person, including a street address, date and month of

14  birth, Social Security number, driver's license number, telephone

15  number, account number, email address, or personal identification

16  number.

17       b.   "Confidential Information" refers to any document or

18  information containing PII that the government produces to the

19  defense pursuant to this Protective Order and any copies thereof.

20       c.   "Defense Team" includes (1) defendant's counsel of

21  record ("defense counsel"); (2) other attorneys at defense counsel's

22  law firm who may be consulted regarding case strategy in this case;

23  (3) defense investigators who are assisting defense counsel with

24  this case; (4) retained experts or potential experts; and

25  (5) paralegals, legal assistants, and other support staff to defense

26  counsel who are providing assistance on this case.  The Defense Team

27  does not include defendant, defendant's family members, or any other

28  associates of defendant.

3

DAK

<u>Terms of the Protective Order</u>

6.    The government requests, and the defense does not oppose at this time, that the Court enter in the language proposed by the government, this Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.    The parties agree that the following conditions in the Protective Order will serve these interests:

a.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."    The government may: put that legend on the digital medium (such as DVD or hard drive), label a digital folder on the digital medium to cover the content of that digital folder, or specify on communications/emails/letters to counsel which bates numbers are covered by that designation.    The government may also redact any PII contained in the production of Confidential Information.

b.    If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.    If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed, and if it does, the government will not oppose a request that the defense application be heard on shortened time, provided the hearing on the application does not conflict with any previously scheduled hearings or matters.

c.    Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as

4

DAK

1  well as any appellate and post-conviction proceedings related to
2  this case.
3          d.    The Defense Team shall not permit anyone other than
4  the Defense Team to have possession of Confidential Information,
5  including defendant, while outside the presence of the Defense Team.
6          e.    At no time, under no circumstance, will any
7  Confidential Information be left in the possession, custody, or
8  control of defendant, regardless of defendant's custody status.
9          f.    Defendant may review PII only in the presence of a
10 member of the Defense Team, who shall ensure that defendant is never
11 left alone with any PII.  At the conclusion of any meeting with
12 defendant at which defendant is permitted to view PII, defendant
13 must return any PII to the Defense Team, and the member of the
14 Defense Team present shall take all such materials with him or her.
15 Defendant may not take any PII out of the room in which defendant is
16 meeting with the Defense Team.
17         g.    Defendant may see and review Confidential Information
18 as permitted by this Protective Order, but defendant may not copy,
19 keep, maintain, or otherwise possess any Confidential Information in
20 this case at any time.  Defendant also may not write down or
21 memorialize any data or information contained in the Confidential
22 Information.
23         h.    The Defense Team may review Confidential Information
24 with a witness or potential witness in this case, including
25 defendant.  A member of the Defense Team must be present if PII are
26 being shown to a witness or potential witness.  Before being shown
27 any portion of Confidential Information, however, any witness or
28 potential witness must be informed of, and agree in writing to be

5

DAK

Case 2:24-cr-00471-MWF    Document 138    Filed 12/20/24    Page 26 of 44   Page ID
#:605
Case 8:22-cr-00017-JLS    Document 19    Filed 03/25/22    Page 6 of 9   Page ID #:61

1  bound by, the requirements of the Protective Order.  No member of
2  the Defense Team shall permit a witness or potential witness to
3  retain Confidential Information or any notes generated from
4  Confidential Information.

5          i.    The Defense Team shall maintain Confidential
6  Information safely and securely, and shall exercise reasonable care
7  in ensuring the confidentiality of those materials by (1) not
8  permitting anyone other than members of the Defense Team, defendant,
9  witnesses, and potential witnesses, as restricted above, to see
10 Confidential Information; (2) not divulging to anyone other than
11 members of the Defense Team, defendant, witnesses, and potential
12 witnesses, the contents of Confidential Information; and (3) not
13 permitting Confidential Information to be outside the Defense Team's
14 offices, homes, vehicles, or personal presence.

15         j.    To the extent that defendant, the Defense Team,
16 witnesses, or potential witnesses create notes that contain, in
17 whole or in part, Confidential Information, or to the extent that
18 copies are made for authorized use by members of the Defense Team,
19 such notes, copies, or reproductions become Confidential Information
20 subject to the Protective Order and must be handled in accordance
21 with the terms of the Protective Order.

22         k.    The Defense Team shall use Confidential Information
23 only for the litigation of this matter and for no other purpose.
24 Litigation of this matter includes any appeal filed by defendant and
25 any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the
26 event that a party needs to file Confidential Information with the
27 Court or divulge the contents of Confidential Information in court
28 filings, the filing should be made under seal.  If the Court rejects

DAK

1   the request to file such information under seal, the party seeking

2   to file such information publicly shall provide advance written

3   notice to the other party to afford such party an opportunity to

4   object or otherwise respond to such intention.   If the other party

5   does not object to the proposed filing, the party seeking to file

6   such information shall redact any PII and make all reasonable

7   attempts to limit the divulging of PII.

8          l.    The parties agree that any Confidential Information

9   inadvertently produced in the course of discovery prior to entry of

10  the Protective Order shall be subject to the terms of the Protective

11  Order.   If Confidential Information was inadvertently produced prior

12  to entry of the Protective Order without being marked "CONFIDENTIAL

13  INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government

14  shall reproduce the material with the correct designation and notify

15  defense counsel of the error.   The Defense Team shall take immediate

16  steps to destroy the unmarked material, including any copies.

17         m.    Confidential Information shall not be used by the

18  defendant or Defense Team, in any way, in any other matter, absent

19  an order by this Court.   All materials designated subject to the

20  Protective Order maintained in the Defense Team's files shall remain

21  subject to the Protective Order unless and until such order is

22  modified by this Court.   Within 30 days of the conclusion of

23  appellate and post-conviction proceedings, defense counsel shall

24  return all PII, certify that such materials have been destroyed, or

25  certify that such materials are being kept pursuant to the

26  California Business and Professions Code and the California Rules of

27  Professional Conduct.

28

7

DAK

1          n.    In the event that there is a substitution of counsel

2   prior to when such documents must be returned, new defense counsel

3   must be informed of, and agree in writing to be bound by, the

4   requirements of the Protective Order before the undersigned defense

5   counsel transfers any Confidential Information to the new defense

6   counsel.  New defense counsel's written agreement to be bound by the

7   terms of the Protective Order must be returned to the Assistant U.S.

8   Attorney assigned to the case.  New defense counsel then will become

9   the Defense Team's custodian of materials designated subject to the

10  Protective Order and shall then become responsible, upon the

11  conclusion of appellate and post-conviction proceedings, for

12  returning to the government, certifying the destruction of, or

13  retaining pursuant to the California Business and Professions Code

14  and the California Rules of Professional Conduct all PII.

15         o.    Defense counsel agrees to advise defendant and all

16  members of the Defense Team of their obligations under the

17  Protective Order and ensure their agreement to follow the Protective

18  Order, prior to providing defendant and members of the Defense Team

19  with access to any materials subject to the Protective Order.

20         p.    Defense counsel has conferred with defendant

21  regarding this stipulation and the proposed order thereon, and

22  defendant agrees to the terms of the proposed order.

23         ///

24         ///

25         ///

26

27

28

8

*DAK*

1          q.    Accordingly, the parties have agreed to request that

2     the Court enter a protective order in the form submitted herewith.

3          IT IS SO STIPULATED.

4          DATED: March 22, 2022              TRACY L. WILKISON
                                              United States Attorney
5
                                              SCOTT M. GARRINGER
6                          ʼ                  Assistant United States Attorney
                                              Chief, Criminal Division
7

8                                             _____/s/_____
                                              DANIEL H. AHN
9                                             DANIEL S. LIM
                                              Assistant United States Attorneys
10

11                                            Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA
12
           DATED:                             _David_A._Katz_____
13         March 25, 2022
                                              DAVID A. KATZ
14                                            Attorney for Defendant
                                              FRANK NOAH
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     9

Case 2:24-cr-00471-MWF    Document 138    Filed 12/20/24    Page 30 of 44    Page ID
#:609
Case 8:22-cr-00017-JLS    Document 20    Filed 03/29/22    Page 1 of 8    Page ID #:73

1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

11    UNITED STATES OF AMERICA,              No. 8:22-CR-00017-JLS

12                Plaintiff,                 PROTECTIVE ORDER REGARDING
                                             DISCOVERY CONTAINING PERSONAL
13                v.                         IDENTIFYING INFORMATION AND
                                             PRIVACY ACT INFORMATION
14    FRANK NOAH,

15                Defendant.

16

17         The Court has read and considered the parties' Stipulation for

18    a Protective Order Regarding Discovery Containing Personal

19    Identifying Information and Privacy Act Information, filed by the

20    government and defendant FRANK NOAH ("defendant") in this matter on

21    March 25, 2022, which this Court incorporates by reference into this

22    order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as

23    follows:

24         1.    The government's discovery in this case relates to

25    defendant's alleged crimes, that is, violations of 26 U.S.C. § 7201

26    (Evasion of Payment of Tax); and 18 U.S.C. § 1343 (Wire Fraud).

27         2.    A protective order for the discovery is necessary so that

28    the government can produce to the defense materials containing third

B

parties' PII.  The Court finds that disclosure of this information
without limitation risks the privacy and security of the
information's legitimate owners.  Because the government has an
ongoing obligation to protect third parties' PII, the government
cannot produce to defendant an unredacted set of discovery
containing this information without this Court entering the
Protective Order.  Moreover, PII make up a significant part of the
discovery in this case and such information itself, in many
instances, has evidentiary value.  If the government were to attempt
to redact all this information in strict compliance with Federal
Rule of Criminal Procedure 49.1, the Central District of
California's Local Rules regarding redaction, and the Privacy Policy
of the United States Judicial Conference, the defense would receive
a set of discovery that would be highly confusing and difficult to
understand, and it would be challenging for defense counsel to
adequately evaluate the case, provide advice to defendant, or
prepare for trial.

        3.   An order is also necessary because the government intends
to produce to the defense materials that may contain information
within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act
Information").  The Court finds that, to the extent that these
materials contain Privacy Act information, disclosure is authorized
pursuant to 5 U.S.C. § 552a(b)(11).

        4.   The purpose of this Protective Order is therefore to
(a) allow the government to comply with its discovery obligations
while protecting this sensitive information from unauthorized
dissemination, and (b) provide the defense with sufficient
information to adequately represent defendant.

1       5.   Accordingly, the discovery that the government will

2  provide to defense counsel in the above-captioned case will be

3  subject to this Protective Order, as follows:

4       a.   "PII" includes any information that can be used to

5  identify a person, including a street address, date and month of

6  birth, Social Security number, driver's license number, telephone

7  number, account number, email address, or personal identification

8  number.

9       b.   "Confidential Information" refers to any document or

10  information containing PII that the government produces to the

11  defense pursuant to this Protective Order and any copies thereof.

12       c.   "Defense Team" includes (1) defendant's counsel of

13  record ("defense counsel"); (2) other attorneys at defense counsel's

14  law firm who may be consulted regarding case strategy in this case;

15  (3) defense investigators who are assisting defense counsel with

16  this case; (4) retained experts or potential experts; and

17  (5) paralegals, legal assistants, and other support staff to defense

18  counsel who are providing assistance on this case.  The Defense Team

19  does not include defendant, defendant's family members, or any other

20  associates of defendant.

21       d.   The government is authorized to provide defense

22  counsel with Confidential Information marked with the following

23  legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE

24  ORDER."  The government may: put that legend on the digital medium

25  (such as DVD or hard drive), label a digital folder on the digital

26  medium to cover the content of that digital folder, or specify on

27  communications/emails/letters to counsel which bates numbers are

28

1 covered by that designation.  The government may also redact any PII

2 contained in the production of Confidential Information.

3          e.    If defendant objects to a designation that material

4 contains Confidential Information, the parties shall meet and

5 confer.  If the parties cannot reach an agreement regarding

6 defendant's objection, defendant may apply to the Court to have the

7 designation removed, and if it does, the government will not oppose

8 a request that the defense application be heard on shortened time,

9 provided the hearing on the application does not conflict with any

10 previously scheduled hearings or matters.

11          f.    Defendant and the Defense Team shall use the

12 Confidential Information solely to prepare for any pretrial motions,

13 plea negotiations, trial, and sentencing hearing in this case, as

14 well as any appellate and post-conviction proceedings.

15          g.    The Defense Team shall not permit anyone other than

16 the Defense Team to have possession of Confidential Information,

17 including defendant, while outside the presence of the Defense Team.

18          h.    At no time, under no circumstance, will any

19 Confidential Information be left in the possession, custody, or

20 control of defendant, regardless of defendant's custody status.

21          i.    Defendant may review PII only in the presence of a

22 member of the Defense Team, who shall ensure that defendant is never

23 left alone with any PII.  At the conclusion of any meeting with

24 defendant at which defendant is permitted to view PII, defendant

25 must return any PII to the Defense Team, and the member of the

26 Defense Team present shall take all such materials with him or her.

27 Defendant may not take any PII out of the room in which defendant is

28 meeting with the Defense Team.

4

1        j.    Defendant may see and review Confidential Information

2   as permitted by this Protective Order, but defendant may not copy,

3   keep, maintain, or otherwise possess any Confidential Information in

4   this case at any time.    Defendant also may not write down or

5   memorialize any data or information contained in the Confidential

6   Information.

7        k.    The Defense Team may review Confidential Information

8   with a witness or potential witness in this case, including

9   defendant.    A member of the Defense Team must be present if PII are

10  being shown to a witness or potential witness.    Before being shown

11  any portion of Confidential Information, however, any witness or

12  potential witness must be informed of, and agree in writing to be

13  bound by, the requirements of the Protective Order.    No member of

14  the Defense Team shall permit a witness or potential witness to

15  retain Confidential Information or any notes generated from

16  Confidential Information.

17       l.    The Defense Team shall maintain Confidential

18  Information safely and securely, and shall exercise reasonable care

19  in ensuring the confidentiality of those materials by (1) not

20  permitting anyone other than members of the Defense Team, defendant,

21  witnesses, and potential witnesses, as restricted above, to see

22  Confidential Information; (2) not divulging to anyone other than

23  members of the Defense Team, defendant, witnesses, and potential

24  witnesses, the contents of Confidential Information; and (3) not

25  permitting Confidential Information to be outside the Defense Team's

26  offices, homes, vehicles, or personal presence.

27       m.    To the extent that defendant, the Defense Team,

28  witnesses, or potential witnesses create notes that contain, in

1  whole or in part, Confidential Information, or to the extent that

2  copies are made for authorized use by members of the Defense Team,

3  such notes, copies, or reproductions become Confidential Information

4  subject to the Protective Order and must be handled in accordance

5  with the terms of the Protective Order.

6          n.    The Defense Team shall use Confidential Information

7  only for the litigation of this matter and for no other purpose.

8  Litigation of this matter includes any appeal filed by defendant and

9  any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the

10 event that a party needs to file Confidential Information with the

11 Court or divulge the contents of Confidential Information in court

12 filings, the filing should be made under seal.  If the Court rejects

13 the request to file such information under seal, the party seeking

14 to file such information publicly shall provide advance written

15 notice to the other party to afford such party an opportunity to

16 object or otherwise respond to such intention.  If the other party

17 does not object to the proposed filing, the party seeking to file

18 such information shall redact any PII and make all reasonable

19 attempts to limit the divulging of PII.

20         o.    Any Confidential Information inadvertently produced

21 in the course of discovery prior to entry of the Protective Order

22 shall be subject to the terms of this Protective Order.  If

23 Confidential Information was inadvertently produced prior to entry

24 of the Protective Order without being marked "CONFIDENTIAL

25 INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government

26 shall reproduce the material with the correct designation and notify

27 defense counsel of the error.  The Defense Team shall take immediate

28 steps to destroy the unmarked material, including any copies.

6

Case 2:24-cr-00471-MWF    Document 138    Filed 12/20/24    Page 36 of 44    Page ID
#:615
Case 8:22-cr-00017-JLS    Document 20    Filed 03/29/22    Page 7 of 8    Page ID #:79

1        p.   Confidential Information shall not be used by the

2 defendant or Defense Team, in any way, in any other matter, absent

3 an order by this Court. All materials designated subject to the

4 Protective Order maintained in the Defense Team's files shall remain

5 subject to the Protective Order unless and until such order is

6 modified by this Court. Within 30 days of the conclusion of

7 appellate and post-conviction proceedings, defense counsel shall

8 return all PII, certify that such materials have been destroyed, or

9 certify that such materials are being kept pursuant to the

10 California Business and Professions Code and the California Rules of

11 Professional Conduct.

12        q.   In the event that there is a substitution of counsel

13 prior to when such documents must be returned, new defense counsel

14 must be informed of, and agree in writing to be bound by, the

15 requirements of the Protective Order before the undersigned defense

16 counsel transfers any Confidential Information to the new defense

17 counsel. New defense counsel's written agreement to be bound by the

18 terms of the Protective Order must be returned to the Assistant U.S.

19 Attorney assigned to the case. New defense counsel then will become

20 the Defense Team's custodian of materials designated subject to the

21 Protective Order and shall then become responsible, upon the

22 conclusion of appellate and post-conviction proceedings, for

23 returning to the government, certifying the destruction of, or

24 retaining pursuant to the California Business and Professions Code

25 and the California Rules of Professional Conduct all PII.

26        r.   Defense counsel shall advise defendant and all

27 members of the Defense Team of their obligations under the

28 Protective Order and ensure their agreement to follow the Protective

Order, prior to providing defendant and members of the Defense Team

with access to any materials subject to the Protective Order.

    IT IS SO ORDERED.

March 28, 2022
DATE

HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

8

# Exhibit B

**Bailey, Lindsay (USACAC) 1**

---

| | |
|---|---|
| **From:** | Bailey, Lindsay (USACAC) 1 |
| **Sent:** | Monday, September 30, 2024 12:42 PM |
| **To:** | David A. Katz |
| **Cc:** | Chou, Jennifer (USACAC) 1 |
| **Subject:** | RE: [EXTERNAL] Defense Letter re proposed stip. and order in Thola-Duran et al. and 2 attachments |

David,

I've reviewed your requested changes to the proposed protective order, and unfortunately, we cannot agree to a majority of them.  There are categories of objections that you have, and I'll try to address each in turn.

First, unlike in *Noah*, the discovery in this case includes a significant amount of information about confidential informants who are cooperating with the government, some of whom have had direct contact with your client.  In order to protect their safety, we have additional requirements/protections for information containing cooperator information.  We therefore cannot agree to remove references to CI Materials throughout the proposed protective order, and cannot agree to remove additional protections afforded to CI Materials (for example, leaving CI Materials locked in any vehicle).  This is a standard term that is included in all government Protective Orders for discovery that includes cooperator information, and has been upheld in many, many protective orders issued in this district. The reason Judge Staton didn't include it in *Noah* was both because there was no cooperator information included in the discovery in *Noah*, and therefore the AUSAs did not include that term in that particular stipulation for a protective order.

Second, you make multiple references to the requirements of the protective order essentially causing a chilling effect that would deter people from agreeing to speak to the defense.  This includes both the proposed water mark on all materials covered by the PO, and the requirement that individuals who review the materials to be bound by such materials in writing.  It is precisely *because* these materials may be shown to third parties/witnesses that these requirements are necessary.  First, the proposed watermark is factually accurate and simply advises of the potential consequences of improper dissemination of protected materials.  Moreover, the in-writing requirement is necessary to ensure that people who view protected materials are equally bound by the terms of the protective order.  Otherwise, there would be no meaningful way to enforce the protective order against third party witnesses who are disseminating private information.

Similarly, the government has an independent obligation to protect the dissemination of third-party information, which has been recognized by the Supreme Court.  See Ferri v. Ackerman, 444 U.S. 193, 204 (1979).  Accordingly, government agents, including the AUSAs and FBI agents on this case and the employees of their respective offices, are not positioned the same as the defense team and third-party witnesses.  As such, Court in this district have not generally required an "in writing" requirement for government agents.  To the extent that you're requesting an "in writing" requirement for third party witnesses *not* under this independent obligation, the government is happy to ensure that such third-party witnesses agree to be bound by the Protective Order before viewing protected materials.

Third, the government's ability to further redact PII with little to no evidentiary value is another term that has been frequently upheld in this district and ensures that third parties are further protected from unauthorized or inadvertent dissemination of their PII.  If there are terms that you believe should not be redacted and have some evidentiary value, we can meet and confer about those specific instances, but we cannot agree to provide you wholesale with copies of third party PII that are not relevant to this matter.

I'm still waiting to hear back from many of the other defendants about their positions on the proposed protective order, but I will note your objections once we file the request for a protective order with the Court.  **Am I correct that you are**

**not objecting to the need for a protective order generally, just to the specific provisions outlined in your September 16, 2024, letter**? I want to ensure that I'm accurately reflecting your position in the government's eventual filing.

Otherwise, we have received your draft transcript agreement and should be able to begin producing non-protective order information to you via USAFx shortly.

Thanks,
**Lindsay M. Bailey**
**Assistant United States Attorney**
T: 213.894.6875 | lindsay.bailey@usdoj.gov

---

**From:** David A. Katz <katznassoc@aol.com>
**Sent:** Monday, September 16, 2024 2:35 PM
**To:** Chou, Jennifer (USACAC) 1 <jchou1@usa.doj.gov>; Bailey, Lindsay (USACAC) 1 <LBailey1@usa.doj.gov>
**Subject:** [EXTERNAL] Defense Letter re proposed stip. and order in Thola-Duran et al. and 2 attachments

Jennifer and Lindsay - Pls see attached, Best, David

# Exhibit C

AUSA Bailey:

Thank you for writing that you can begin producing non-protective order information to me via USAFx shortly. I hope "shortly" means this week; my client was arrested on federal charges over a month ago.

I do *not* object to a protective order (PO). There is one in my other case in this District; I agreed to it. The issue is the *terms* of a PO. Let's meet and confer, by email, and try to agree on the terms. *See* my September 16, 2024 email to you. You wrote that you reviewed my requested changes to the proposed PO, and "do not agree to a majority of them." That suggests you agree to some. Please send me a draft that includes any changes that you accept, to help us focus. Please bear in mind that in your draft, *PII* is defined broadly and I do *not* oppose PII written as broadly as it is.

You wrote that "the government's ability to further redact PII with little to no evidentiary value" is a term that has been frequently upheld and "ensures that third parties are further protected from unauthorized or inadvertent dissemination of their PII.  If there are terms that [I] believe should not be redacted and have some evidentiary value, we can meet and confer about those specific instances, but [you] cannot agree to provide [**me]** wholesale with copies of third party PII that are not relevant to this matter." Please reconsider. If you do not provide **me** "wholesale" copies of third party PII that you think are not relevant to this matter, I cannot tell you what terms I believe should not be redacted and have some evidentiary value. Also, has your position, "frequently upheld in this district," been upheld *against challenge*? Please cite me any cases that upheld it, or that did not.

You wrote that unlike in my other case, the discovery here "includes a significant amount of information about confidential informants who are cooperating with the government," some of whom have had "direct contact" with my client. But in my other case, defendant's wife and brother-in-law *cooperated* with the government and *had* direct contact with defendant, and his wife *claimed* that he had explicitly threatened her. So my other case seems *not* distinguishable, and no "additional requirements/ protections for information containing cooperator information" are needed *here* -- any more than USAO Deputy Chief Ahn and the court thought they were needed in my other case.  Please remove references to "CI Materials" in your proposed PO, and remove "additional protections afforded to CI Materials"; the PII language suffices.

You use as an example not leaving CI Materials in a car. I proposed they may be left in the *trunk* of a car, *if* the car is locked. Let's assume I go downtown or to the East Side to interview a witness. I have two boxes in my car to ask the witness about and they

contain "CI Materials." On my way back to Beverly Hills, I want to visit my client at the MDC to show him, let's say, five documents. Under my proposal I put the two boxes in my trunk out of sight, lock the car and take the five documents to show my client. Will the government demand I drive back to my office, leave all but the five documents there, and drive back to the MDC, through traffic, lest someone break into the trunk of my locked car and purloin CI Materials from the trunk?

If "do not leave CI Materials in the trunk of a locked car" and the rest of your first draft are "standard" terms included in all government PO's for discovery that includes cooperator information – "upheld in many, many protective orders issued in this district" -- was any PO challenged? In what cases has the above been upheld, or not? Does the USAO, the FBI or any police agency in this case have a policy that an SA, AUSA or officer may not leave any PII (CI Materials) in the trunk of a locked car?

You also wrote that I refer to the requirements of your PO "essentially causing a chilling effect that would deter people from agreeing to speak to the defense." (Other defense counsel in this case made a similar point.) You wrote that this "includes both the proposed water mark on all materials covered by the PO, and the requirement that individuals who review the materials" be bound in writing. You wrote that "it is precisely *because* these materials may be shown to third parties/witnesses that these requirements are necessary." If the government already put watermarks on some discovery, perhaps we can agree that what is done is done, but prospectively that the words "UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT" will be omitted.

As to the requirement that interviewees agree before-hand to be bound **in writing**, if you insist on this and persuade the court to impose it, my client would be denied due process and the right to prepare and present a defense. If case law shows your position comports with due process and defense rights, please cite it to me. *Ferri v. Ackerman*, 444 U.S. 193, 204 (1979) does not support your position. "Because these materials may be shown to witnesses" does not necessitate an "in writing" requirement here; meaningful ways exist to enforce orders against witnesses who would disseminate private information -- without chilling them from agreeing to a defense interview. (Other counsel in this case wrote to you asking that you clarify that the defense means all members of the defense team, not just the defense attorney.)

You wrote that "the AUSAs and FBI agents on this case and the[ir] employees . . . are not positioned the same as the defense team and third-party witnesses." I am *not* asking that the court impose an "in writing" requirement for *agents*.

I *am* interested in "third-party witnesses," i.e. witnesses who are not agents or police. It seems that witnesses were not told before or during the *government* interview, that "UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT," or told to sign papers before the interview. But you propose that any witness, before agreeing to a *defense* interview, be shown the above "CONTEMPT" verbiage and required to sign before a defense interview.

There is an inference to be drawn by a prospective interviewee -- the government did not require him/her to sign that "UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT" before an interview but, *once the defense asks* for an interview, then and only then, before deciding whether to speak to the defense or not, the prospective interviewee must sign the above. Your proposal endangers chilling prospective defense interviewees from agreeing to a defense interview.

Best, David

 Cc  AUSA Chou